UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RALPH T. WILMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) Case No. 4:20-cv-01020-SEP |
| | ) |
| TODD RENSHAW, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM & ORDER**

This matter is before the Court on Plaintiff's *pro se* letter to the Clerk of Court, in which he requests two blank subpoenas. Doc. [18]. For the following reasons, the Court will direct the Clerk to send Plaintiff two blank subpoena forms, which Plaintiff shall complete in accordance with the directions in this Order.

Production of documents, information, or testimony from a nonparty can be compelled only by a subpoena duces tecum issued under Rule 45 of the Federal Rules of Civil Procedure. *Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1341 (8th Cir. 1975) (citations omitted). Thus, if Plaintiff seeks to obtain discovery from nonparties, he must comply with the provisions of Rule 45.[1]

The Clerk of the Court will be directed to send Plaintiff two blank subpoena forms. Plaintiff may fill out the subpoena forms and return them to the Court, along with a Memorandum for Clerk requesting service on nonparties by the U.S. Marshal.[2] Plaintiff should

---

[1] The Court notes that it is not clear from Plaintiff's letter whether he seeks information only from nonparties to this action. To the extent that he seeks information from parties to this matter, he does not need to utilize the subpoena process described in this Order. Rather, he may avail himself of other, more appropriate and efficient discovery tools, such as serving interrogatories pursuant to Federal Rule of Civil Procedure 33, or document requests pursuant to Federal Rule of Civil Procedure 34, to obtain the information that he seeks.

[2] The *in forma pauperis* ("IFP") statute provides that officers of the court will issue and serve all process in IFP actions. *See* U.S.C. § 1915(d). This requirement applies not only to service of

1

not sign the subpoenas, as they will be signed by the Clerk after they are returned to and reviewed by the Court.

The Memorandum for Clerk must include the following information for each subpoena: (1) the name of the person or entity Plaintiff seeks to serve; (2) the specific documents or information Plaintiff seeks; (3) how the specified information is relevant to Plaintiff's case; (4) why Plaintiff believes the person or entity to be subpoenaed has the information sought; and (5) how Plaintiff will provide the necessary costs related to compliance.

The Court retains the discretion to refuse to issue Rule 45 subpoenas to nonparties if Plaintiff does not provide the required information in the Memorandum for Clerk, or if the Court believes the requests are frivolous or otherwise improper. The Court has the "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980) (per curiam). This power should be exercised to protect the resources of the Court and the U.S. Marshals Service, and to prevent harassment and undue expense of other parties and nonparties. *See, e.g., Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985).

"Courts exercising inherent supervisory power over *in forma pauperis* subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." *See Stockdale v. Stockdale*, 2009 WL 4030758 at *1 (E.D. Mo. Nov. 18, 2009); *Tuvalu v. Woodford*, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006) ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1)); *Jackson v. Brinker*, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992).

Additionally, Plaintiff should be mindful of the fact that although Plaintiff has been granted *in forma pauperis* status under 28 U.S.C. § 1915, nothing in the statute authorizes or permits the Court to waive the expense requirements of Rule 45. *See generally McNeil v. Lowney,* 831 F.2d 1368, 1373 (7th Cir. 1987), cert. denied, 485 U.S. 965 (1988); *Badman v. Stark*, 139 F.R.D. 601, 605-06 (M.D. Pa. 1991); *Leadbetter v. City of Fort Wayne*, 2007 WL 2323109, at *2 n.2 (N.D. Ind. Aug. 10, 2007) (citing cases). If Plaintiff were required to file a motion to compel, or if the subpoenaed parties objected to the subpoenas, the Court could

---

original process, but also to service of a subpoena on behalf of an IFP party. *See* 9 James Wm. Moore, et al., Moore's Federal Practice § 45.20 (3d. ed. 2015).

condition an order requiring compliance on Plaintiff's advancing the cost associated with such compliance.  Accordingly, when reviewing subpoenas directed to nonparties, a court should also examine issues related to the expected compliance costs in light of Rule 45's provision that nonparties be protected against significant expense.  *Jackson*, 1992 WL 404537, at *5 ("If a court finds that an indigent party's requests for issuance and service of a subpoena duces tecum . . . would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process, the court may relieve the Marshals Service of its duty under § 1915(c) to serve the subpoena.").

Finally, Plaintiff is cautioned that before he attempts to serve a Rule 45 subpoena, he *must first serve* Defendant with a notice that the subpoena will be issued.  *See* Rule 45(a)(4).  Failure to comply with the prior notice requirement could result in the imposition of sanctions, including the exclusion of any evidence produced or the imposition of monetary sanctions.  *See* 9 James Wm. Moore, et al., Moore's Federal Practice, § 45.21[3][a] (3d ed. 2015).  Adequate notice requires Plaintiff to specifically identify the entities or persons he seeks to subpoena, and the information he is requesting.  Otherwise, the defendant is not given a reasonable opportunity to object to the production.  *See id*.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall send Plaintiff two blank subpoena forms, which Plaintiff may fill out as required by this Memorandum and Order and return to the Court with a Memorandum for Clerk requesting that the subpoena be served by the U.S. Marshal.  The Memorandum for Clerk must includes the following information for each requested subpoena:  (1) the name of the person or entity Plaintiff seeks to serve; (2) the specific documents or information Plaintiff seeks; (3) how the specified information is relevant to Plaintiff's case; (4) why Plaintiff believes the person or entity to be subpoenaed has the information sought; and (5) how Plaintiff will provide the necessary costs related to compliance.

Dated this 20th day of April, 2021.

*[signature: Sarah E. Pitlyk]*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE